NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA J. SMALLS, on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACOBY & MEYERS, LLP, *et al.*,<br><br>Defendants. | Civil Action No.: 15-6559 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

Presently before the Court are Defendants' motion to dismiss Plaintiff Barbara Small's complaint for lack of jurisdiction and Defendants' motion for sanctions. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the motions, the Court denies Defendants' motion to dismiss and denies Defendants' motion for sanctions.

**I.  BACKGROUND**

In August 2008, Plaintiff suffered a personal injury. *See* ECF No. 11 ("Am. Compl.") ¶ 9. She retained Defendant Jacoby & Meyers, LLP ("J&M") to represent her in litigation related to the injury. *Id.* At the time, Defendant Andrew Finkelstein was a J&M partner. *Id.* ¶ 2. In addition to being a J&M partner, Mr. Finkelstein also was an owner of Defendant Total Trial Solutions, L.L.C ("TTS"). *Id.* ¶ 5. TTS is a company providing litigation support services. *Id.*

1

The Retainer Agreement that Plaintiff executed as part of J&M's representation of her provided for a 33.3% contingency arrangement that also authorized J&M "to incur reasonable costs and expenses in performing [the] legal services." *Id.* ¶ 12. During the course of the litigation, J&M utilized TTS services on Plaintiff's case. *Id.* ¶ 14. Plaintiff was billed $2,526.58 for the TTS services. *Id.* ¶ 25. Plaintiff was never informed that TTS was providing services related to her case. *Id.* ¶¶ 15-18, 22. Plaintiff alleges that J&M did not advise her that there were other vendors that could have provided the same services as TTS for less. *Id.* ¶ 20. Furthermore, Plaintiff alleges that TTS performed services that should have been performed by J&M, but were instead provided by TTS as a way to usurp the 33.3% contingency fee cap. *Id.* ¶¶ 14, 28-29.

At some point, J&M received a settlement offer of $100,000 on Plaintiff's behalf. *Id.* ¶ 23. Plaintiff rejected the offer. *Id.* ¶ 26. Thereafter, in March 2015, J&M moved to be relieved as counsel, and sought a lien against Plaintiff for "disbursements and legal fees." *Id.* The lien was granted, and as such, Plaintiff alleges that she "is liable to Defendants for TTS charges despite the fact that her personal injury lawsuit is ongoing." *Id.* Plaintiff brings claims against Defendants for J&M's practices involving TTS on behalf of herself and a putative class of similarly situated individuals.

## II. LEGAL STANDARDS.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of*

*Penn. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir.2012)).

A factual attack, as is made here, "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Unlike a facial attack where "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," the standard of review applicable to a factual attack permits the court to "weigh and 'consider evidence outside the pleadings.'" *Id.* (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). However, "[i]f the defendant contests any allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction." *Gould Elecs.*, 220 F.3d at 177; *see also Local 336, American Federation of Musicians, AFL-CIO v. Bonatz*, 475 F.2d 433, 437 (3d Cir.1973) ("[E]ven on [issues of jurisdictional fact] the record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention.").

### III.  DISCUSSION

#### A.  Lack of Jurisdiction

Defendants argue that Plaintiff's claims should be dismissed because they are moot. In support of their position, Defendants attach a Declaration of Mr. Finkelstein ("Finkelstein Decl."). Defendants assert that "Plaintiff had mistakenly been billed for TTS disbursements and, as a result, she owed nothing on account of disbursements to TTS." Defs.' Mot. at 1. Mr. Finkelstein asserts that "i[f] for some reason a client has not signed

3

either the revised retainer agreement or the supplemental retainer agreement disclosing [his] interest in TTS, any disbursements for TTS are simply not deducted from the client's recovery and the law firm absorbs the cost of TTS bills." Finkelstein Decl. ¶ 17. Mr. Finkelstein further asserts that Jacoby & Meyers has a procedure in place whereby a "final review process is performed by the firm's bookkeeping department as part of calculating any deductions from the client's net recovery," and "[i]f the client has not signed either the revised retainer agreement or the supplemental retainer agreement, then the accounting department does not include any TTS bills among the disbursements to be deducted from the clients recovery." *Id.* ¶ 18. Defendants assert that, since Plaintiff did not agree to the settlement offer, the final bookkeeping review by J&M was not performed prior to seeking the lien, so "the TTS bills were mistakenly included among the disbursements due from Ms. Smalls." *Id.* ¶ 19. Mr. Finkelstein nonetheless represents that, as Plaintiff has not signed the revised or supplemental retainer agreements, "there is not now nor will there ever be any money due and owing from Ms. Smalls for any TTS bills." *Id.* As a result, Defendants claim that Ms. Small's claims are moot.

Plaintiff opposes dismissal on four grounds. First, Plaintiff argues that Defendants' motion to dismiss is procedurally improper as a factual jurisdiction attack may not occur prior to the filing of an answer, which has not occurred in this case. *See* Pl.'s Opp'n at 9. Second, even if consideration of the factual jurisdictional attack were appropriate at this time, Plaintiff argues that she should be permitted jurisdiction discovery prior to dismissal. *See id.* at 6-8. Third, even if you were to credit Mr. Finkelstein's declaration, Plaintiff argues that her claims are not moot. *See id.* at 9-10. And, fourth, Plaintiff argues that the Third Circuit has "warned against allowing defendants to circumvent a class action lawsuit

4

by tactically mooting the named plaintiff's individual claims." *Id.* at 10-11 (citing *Weiss v. Regal Collection*, 385 F.3d 337 (3d Cir. 2004)).

The Court agrees that the present motion is procedurally improper. Defendants cite *Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198 (3d Cir. 1990) for the proposition that both facial and factual attacks may occur prior to an answer being filed. While *Berardi* does appear to support Defendants' proposition, the Third Circuit's recent cases do not. *See Constitution Party*, 757 F.3d at 358 (2014) ("The Commonwealth filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.") (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir.1977); *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("A Rule 12(b)(1) standing challenge may attack the complaint facially or may attack the factual basis for standing. As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.") (citing *Mortensen*); *see also, e.g., Moore v. Angie's List*, No. 15-1243, 2015 WL 4669209, at *2 (E.D. Pa. Aug. 7, 2015) ("Such an evaluation [a factual attack] may occur at any stage of the proceeding, but only once the defendant has filed an answer.") (citing *Mortensen*); *Edelglass v. New Jersey*, No. 14-760, 2015 WL 225810, at *5 (D.N.J. Jan. 16, 2015) ("A factual attack may be made at any time after the answer has been filed.") (citing *Mortensen*). Defendants acknowledge that they are making a factual jurisdictional attack. *See* Defs.' Reply at 3. Therefore, the Court denies Defendants' motion to dismiss without prejudice to re-raise the jurisdictional issue at an appropriate stage of the proceedings.

In the interest of judicial economy, the Court also briefly addresses Plaintiff's other arguments. Plaintiff argues that, at a minimum, she should be provided an opportunity for jurisdictional discovery prior to the Court deciding any factual jurisdictional dispute. The heart of Plaintiff's argument is that, while Defendants represent that nothing is owed, a lien was filed against Plaintiff that has not been adjusted or withdrawn, and there is nothing to stop J&M from seeking reimbursement for TTS fees at a later date. *See, e.g.*, Pl.'s Opp'n at 3, 5. Plaintiff also questions Defendants' assertion that there was a bookkeeping process already in place that was designed to correct and remove inappropriate TTS charges, and, as such, Plaintiff actually owed nothing prior to the filing of her lawsuit. Mr. Finkelstein's declaration shows that J&M sought a lien against Plaintiff (which lien was granted) based on an Affirmation in Support identifying $12,469.01 as disbursements owed by Plaintiff. *See* Finkelstein Decl., Exs. C & D. This amount included TTS fees. *See* Am. Compl. ¶¶ 24-25. The lien appears to be outstanding, but Defendants now assert that Plaintiff actually owes no TTS fees. Defendants do admit that, as of the filing of Plaintiff's lawsuit, the fees were owing from Plaintiff as it was not until after the present action was filed that Defendants "discovered that her TTS charges were claimed in error and corrected it." Defs.' Reply at 6. The Court agrees with Plaintiff that, prior to filing another motion to dismiss factually challenging jurisdiction, Plaintiff should be afforded some jurisdictional discovery. *See Gould Elecs.*, 220 F.3d at 177.

The issue of jurisdictional discovery is also relevant to Plaintiff's argument regarding what she characterizes as an attempt by Defendants to tactically moot Plaintiff's claims to avoid a class action lawsuit. Both Plaintiff and Defendants cite to *Weiss*—Plaintiff to argue that the Third Circuit disfavors such tactical measures (*see* Pl.'s Opp'n at

6

10-11), and Defendants to argue that the Third Circuit's *Weiss* holding was a narrow exception to the general rule that "[o]rdinarily, [a Rule 68 offer of judgment] would moot the named plaintiff's claim" (Defs.' Reply at 6). Defendants further argue that this case is even further removed from *Weiss* because there was no Rule 68 offer. *Id.* Instead, Defendants determined after filing of the complaint that no amount was due. *Id.* Both of these arguments will need to be revisited in future briefing in light of the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. \_\_\_ (Jan. 20, 2016). In *Gomez*, the Supreme Court (reviewing a circuit split and citing *Weiss*) held that an unaccepted settlement offer does not moot a complaint. *Id.*, slip op. at 6, 9. The Court expressly reserved on whether other circumstances extinguishing the amount claimed or owed may moot a claim. *Id.* at 11. The Court reiterated that, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 6-7. Thus, jurisdictional discovery should address not only the status of Plaintiff's TTS debt, but also facts that may be relevant to determining whether the TTS debt was intentionally mooted post-filing of the complaint or whether it was merely an undiscovered billing error that was simply corrected. The Court agrees that Plaintiff should be provided the opportunity to challenge Defendants' assertions on these points. The Court also seeks to ensure that future briefing on the class-action tactical mooting argument is made against a clearer factual background.

**B.     Sanctions**

Defendants move for sanctions on the theory that Plaintiff has continued to pursue her claims even after Mr. Finkelstein submitted a declaration purportedly making clear that no money is owed and, as such, "Plaintiff's claims are moot." Defs.' Mot. for Sanctions

7

at 3, 5-6. As this Court has found in Plaintiff's favor at this stage, denying Defendants' motion to dismiss, the Court also denies Defendants' motion for sanctions.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is denied, and Defendants' motion for sanction is also denied. An appropriate Order accompanies this Opinion.

DATED: January 26, 2016

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE